UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

December 9, 2014

LETTER TO COUNSEL:

RE:   *Troy Cuthbert Davis, Jr. v. Commissioner, Social Security Administration*;
Civil No. SAG-13-3761

Dear Counsel:

On December 13, 2013, the Plaintiff, Troy Cuthbert Davis, Jr., petitioned this Court to review the Social Security Administration's final decision to deny his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and Mr. Davis's reply. (ECF Nos. 16, 20, 23). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

Mr. Davis filed claims for DIB and SSI on January 3, 2011, alleging disability beginning December 18, 2007.[1] (Tr. 125-37). His claims were denied initially on February 24, 2011, and on reconsideration on July 21, 2011. (Tr. 57-64, 68-81). A hearing was held on July 17, 2012, before an Administrative Law Judge ("ALJ"). (Tr. 26-53). Following the hearing, on September 12, 2012, the ALJ determined that Mr. Davis was not disabled during the relevant time frame. (Tr. 7-25). The Appeals Council denied Mr. Davis's request for review, (Tr. 1-3), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Mr. Davis suffered from the severe impairments of degenerative disc disease of the cervical and lumbar spine (including residuals from spinal surgeries) and obesity. (Tr. 12). Despite these impairments, the ALJ determined that Mr. Davis retained the residual functional capacity ("RFC") to:

perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except

---

[1] The relevant period for considering Mr. Davis's DIB claim is only the period between his alleged onset date, December 18, 2007, and his date last insured, June 30, 2008. (Tr. 12); 42 U.S.C. §§ 423(a)(1)(A), (c)(1); 20 C.F.R. 404.101(a), 404.131(a). Evidence between the application date and the date of the ALJ's opinion is relevant only to Mr. Davis's SSI claim. Medical evidence from the period between the date last insured and the application date is only relevant to the extent that it could establish disability during one of the two relevant periods. See *See Bird v. Comm'r Soc. Sec. Admin.*, 699 F.3d 337, 340 (4th Cir. 2012) (citing *Wooldridge v. Bowen*, 816 F.2d 157, 160 (4th Cir. 1987).

Case 1:13-cv-03761-SAG   Document 24   Filed 12/09/14   Page 2 of 4

*Troy Cuthbert Davis, Jr. v. Commissioner, Social Security Administration*;
Civil No. SAG-13-3761
December 9, 2014
Page 2

>   the claimant requires a sit/stand option, allowing him to alternate between a sitting and standing position at least every twenty minutes; occasional use of ramps and climbing stairs, but never climbing ladders, ropes, or scaffolds; occasional balancing, stooping, kneeling, crouching, and crawling; occasional reaching, but no overhead reaching, with his bilateral upper extremities; and frequent, but not constant, handling and fingering with his non-dominant left upper extremity.

(Tr. 13). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Davis was able to perform work existing in significant numbers in the national economy and that he was therefore not disabled. (Tr. 19-20).

Mr. Davis presents two primary arguments on appeal: (1) that the ALJ erred in the assignment of weight to his treating physician's opinion; and (2) that the ALJ erred in evaluating Listing 1.04A. Each argument lacks merit.

First, Mr. Davis protests the assignment of "little weight" to the opinion of his treating physician, Dr. Lee. Pl. Mot. 9-17. A treating physician's opinion merits controlling weight only when two conditions are met: (1) it is well-supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) it is not inconsistent with other substantial evidence in the record. *See* 20 C.F.R. § 404.1527(c)(2); *Craig*, 76 F.3d at 590 (refined by a later amendment to regulations as described by *Pittman v. Massanari*, 141 F. Supp. 2d 601, 608 (W.D.N.C. 2001)). From the outset, it should be stated that this Court's role is not to reweigh the evidence or to substitute its judgment for that of the ALJ, but simply to adjudicate whether the ALJ's decision was supported by substantial evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Here, the ALJ's decision meets that standard.

Mr. Davis first contends that Dr. Lee's opinion was not exaggerated, citing Dr. Lee's determinations that Plaintiff could lift, carry, and use his upper extremities to a greater degree than found by the ALJ. Pl. Mot. 10. Thus, Mr. Davis suggests that Dr. Lee's opinion that Mr. Davis had significant limitations in his ability to sit, stand, and walk, and his opinion that Mr. Davis would require four or more rest periods of fifteen minutes in length, were equally credible. *Id.* Mr. Davis contends that the ALJ based his opinion on speculation that Dr. Lee had "relied heavily on the claimant's subjective complaints." (Tr. 18). In this case, however, the ALJ did not simply surmise that Dr. Lee had credited Mr. Davis's subjective complaints. The ALJ reasoned that Dr. Lee's "treatment notes do not show any limitations with walking or sitting. Dr. Lee repeatedly showed that the claimant denied any weakness, loss of strength, disturbances in coordination, or difficulty with ambulating." *Id.* The ALJ cited to Exhibit 16F, and her analysis is supported by the evidence contained in those notes from Dr. Lee. *See, e.g.,* (Tr. 394) (notes from 6/11/12 "denies muscle cramps, muscle weakness, loss of strength"); (Tr. 407) (notes from 10/13/11 noting a normal gait).

Mr. Davis next suggests that the ALJ's analysis was deficient because it compared Dr. Lee's opinion only to his own treatment notes, and not to the records from other treating

*Troy Cuthbert Davis, Jr. v. Commissioner, Social Security Administration*;
Civil No. SAG-13-3761
December 9, 2014
Page 3

physicians.  Pl. Mot. 12-15.  However, the ALJ's opinion considered and summarized all of the evidence from the various treating sources, including the records mentioned by Mr. Davis.  (Tr. 14-16).  The record demonstrates that Dr. Lee, as the primary care physician, received copies of reports and letters from various other physicians treating Mr. Davis.  The record does not demonstrate, however, that Dr. Lee based his opinion of Mr. Davis's ability to stand, sit, walk, or work without significant breaks on the opinions of those other physicians.  The only reference in Dr. Lee's opinion to the treatment notes from other physicians came in response to a request to "describe the treatment and response including any side effects of medication which may have implications for working, e.g., drowsiness, dizziness, nausea, etc."  (Tr. 505).  In response, Dr. Lee stated, "see notes from pain management and physical therapy."  *Id.*  At no point did Dr. Lee indicate that his opinion on the relevant topics was influenced by treatment notes from other doctors.  Moreover, even the notes from the pain management physicians and physical therapists do not demonstrate the significant issues with standing, sitting, and walking, or the need for extensive breaks, as suggested in Dr. Lee's opinion.[2]

Mr. Davis further argues that the ALJ did not adequately explain whether his need to alternate between sitting and standing would cause a meaningful erosion of the occupational base.  Pl. Mot. 15-17.  However, that situation was addressed by the VE, who testified that the opinion as to the number of jobs available with the sit/stand option was "based on my experience in terms of doing job analysis, on-site job analysis, to determine whether a task can be done from both a sitting and a standing position."  (Tr. 49).  Moreover, there is no evident connection between the sit/stand option and Dr. Lee's opinion that Mr. Davis would require at least four fifteen minute breaks during a workday, despite Mr. Davis's efforts to tie the two independent facts together.  Pl. Mot. 15-16.  Dr. Lee did not specify the factual support or rationale for his opinion, and, as noted above, the ALJ cited substantial evidence justifying his assignment of little weight to Dr. Lee's opinion form.

Mr. Davis's second argument is that he should have been found to meet or equal Listing 1.04A.  To meet Listing 1.04A, evidence of nerve root compression must be "characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss, and, if there is involvement of the lower back, positive straight-leg raising test."  20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04A.  "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria."  *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in original).  The claimant bears the burden of demonstrating that his impairment meets or equals a listed impairment.  *Kellough v. Heckler*, 785 F.2d 1147, 1152 (4th Cir. 1986).  Furthermore, an ALJ is required to discuss listed impairments and compare them individually to Listing criteria only when there is "ample evidence in the record to support a determination that the claimant's impairment meets or equals one of the listed impairments."  *Ketcher v. Apfel*, 68

---

[2] The only records that arguably might show significant limitation in sitting, standing, or walking come from the time period between Mr. Davis's date last insured and his application for benefits.  *See* (Tr. 271, 304).  Because Mr. Davis had further surgery in late 2010, prior to his application for benefits, and because that surgery improved his condition, those earlier records are not material to his physical condition during the relevant window for his SSI claim.

*Troy Cuthbert Davis, Jr. v. Commissioner, Social Security Administration*;
Civil No. SAG-13-3761
December 9, 2014
Page 4

F. Supp. 2d 629, 645 (D. Md. 1999) (emphasis added).

First, it should be noted that the ALJ did identify and consider Listing 1.04, but did not compare Mr. Davis's condition with each criteria of the Listing within the written opinion. (Tr. 13). However, I cannot find ample evidence in the record to require such an evaluation. All of the evidence Mr. Davis cited in support of his listing argument pertained to the period between his eligibility for DIB and his application for SSI benefits. Thus, even assuming that the evidence cited by Mr. Davis would have established that he met or equaled a listing during that intervening period, Mr. Davis lacks any medical evidence to establish that he met or equaled a listing during the relevant windows. In fact, as the Commissioner points out, after the October, 2010 surgery, Mr. Davis had improved physical examinations of his back, and Mr. Davis had no evidence of any motor loss during the period between December, 2007 and June, 2008. Def. Mot. 25-26. Moreover, while Mr. Davis was obese throughout, the ALJ stated that she had fully considered obesity in evaluating the Listings, and there is no evidence that Mr. Davis's obesity caused specific functional limitations not already considered with respect to his other impairments. *See* Pl. Mot. 13; (Tr. 17) ("While he has been diagnosed with obesity, the evidence has not shown that his condition has resulted in any additionally [sic] functional limitations."). Accordingly, the ALJ had no duty to discuss Listing 1.04 in any additional detail, and remand is unwarranted.

For the reasons set forth herein, Mr. Davis's motion for summary judgment (ECF No. 16) will be DENIED and Defendant's motion for summary judgment (ECF No. 20) will be GRANTED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge